UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-181 |
| | § | |
| BEEVILLE COUNTY JAIL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PLAINTIFF'S PENDING MOTIONS**

Plaintiff Michael Ray West is a Texas inmate appearing *pro se* and *in forma pauperis*. In this civil rights action, Plaintiff claims that prison officials acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Pending before the Court are the following motions filed by Plaintiff: (1) Motion to Demand (D.E. 60); (2) Motion for Extension of Time to Prepare for Discovery and also to File Dispositive Motions (D.E. 61); (3) Motion to Request for Judgment to Be Entered (D.E. 69); and (4) Motion in Response to Defendants' Motion for Summary Judgment (D.E. 72).

## I.   BACKGROUND

On October 4, 2017, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Plaintiff's deliberate indifference claims be retained against Defendants Lori Hudson, Donna Pfannstiel, Vicky Crumbliss, Jessica Espinoza, Candis

Gonzalez, Donna Randall, and Tanya Lawson. (D.E. 30). The undersigned ordered service on these defendants. (D.E. 31).[1]

In a scheduling order entered on November 21, 2017, the undersigned set the discovery deadline at February 20, 2018 and the dispositive motions deadline at March 1, 2018. (D.E. 42). On February 20, 2018, Plaintiff filed his First Request for Production of Documents. (D.E. 52). Therein, Plaintiff sought production of certain videotapes from January 10, 2017 through September 8, 2017. On March 5, 2018, Plaintiff filed a Second Request for Production of Documents, seeking production of the following: (1) complete prison records related to the incidents described in Plaintiff's complaint; (2) certain grievance records and policies; (3) the offender grievance manual; (4) certain McConnell Unit medical staff policies; (5) information regarding the security staff; (6) certain TDCJ and UTMB medical polices; and (7) certain policies regarding the role of Defendant Lawson in resolving medical grievances. (D.E. 57).

On February 23, 2018, Defendants Hudson, Pfannstiel, Crumbliss, Espinoza, Randall, and Lawson (collectively referred to hereinafter as "Defendants") filed a motion for extension of time to extend the dispositive motions deadline to April 2, 2018. (D.E. 53). This motion was granted. (D.E. 54). On April 2, 2018, Defendants filed their Motion for Summary Judgment under seal. (D.E. 63). On April 13, 2018, District Judge Hilda G. Tagle adopted the undersigned's M&R. (D.E. 67).

---

[1] Because she no longer works for the TDCJ, the undersigned ordered supplemental service on Defendant Gonzalez at her last known address. (D.E. 43). The record reflects, however, that service has not been executed as to Defendant Gonzalez. (D.E. 44).

## II.    DISCUSSION

### A.    Discovery Motions

On March 29, 2018, Plaintiff filed a Motion for Demand, which the undersigned construes as a motion to compel discovery.  (D.E. 60).  Because Defendants have not responded to their requests for production of documents, Plaintiff asks the Court to compel Defendants to produce the requested documents.  On March 29, 2018, Plaintiff also filed a motion seeking an extension of time to prepare for discovery as well as a thirty-day extension of time to file a dispositive motion.  (D.E. 61).  Plaintiff seeks an extension of time in light of his pending discovery requests for Defendants to produce various documents.

Pursuant to Federal Rule of Procedure 16(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case."  To determine whether a motion to compel discovery has been timely filed, courts look to the discovery deadline rather than a dispositive motions deadline.  *See Taylor v. Turner Industries Group*, No. 2:11-CV-57, 2012 WL 4092492, at *1 (E.D. Tex. Sep. 17, 2012); *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F.Supp.2d 623, 661 (S.D. Tex. 2009).  "A motion to compel must be filed sufficiently in advance of the Court's discovery deadline to permit the Court to hear the motion and, if granted, for discovery to be complete by the deadline."  *Taylor*, 2012 WL 4092492, at *1 (citing *Grey v. Dallas I.S.D.*, 265 F. App'x 342, 348 (5th Cir. 2008)).

Plaintiff's motion to compel does not comply with the discovery deadline set forth by the undersigned in the November 21, 2017 scheduling order. Plaintiff waited until the last day of the three-month discovery period, February 20, 2018, to seek the production of any documents from defendants. Plaintiff then filed his motion to compel several weeks later. Plaintiff had three months to conduct discovery, and he provides no explanation as to why he sought the production of documents at such a late date. Furthermore, the granting of Plaintiff's motion would operate to disrupt this Court's schedule and unfairly prejudice Defendants as their summary judgment motion is currently pending before the Court. *See Taylor*, 2012 WL 4092492, at *1-2 (recognizing that prejudice to the opposing party and the disruption of the court's schedule are important factors when considering whether a motion to compel is untimely).

Plaintiff's motion to compel discovery (D.E. 60) is denied as untimely. As such, his requests for an extension of time to prepare for any additional discovery and to file a dispositive motion after reviewing the additional discovery (D.E. 61) are denied as moot.

### B.    Remaining Motions

Plaintiff moves the Court to dismiss Defendants' summary judgment motion as untimely filed. (D.E. 69). Pursuant to the undersigned's order entered on February 26, 2018, the deadline for filing dispositive motions was extended to April 2, 2018. (D.E. 54). The record reflects that Defendants timely filed their summary judgment motion on April 2, 2018. (D.E. 63). Accordingly, Plaintiff's motion to dismiss is without merit.

Lastly, Plaintiff has filed a motion in response to Defendants' summary judgment. (D.E. 72). The undersigned construes this motion as Plaintiff's response to the summary

judgment motion. Because it is unnecessary to file such response as a motion, the undersigned will direct Plaintiff's motion (D.E. 72) to be removed as a pending matter in this case.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Demand (construed as a motion to compel discovery) (D.E. 60), Motion for Extension of Time to Prepare for Discovery and also to File Dispositive Motions (D.E. 61), and Motion to Request for Judgment to Be Entered (D.E. 69) are **DENIED**. Because Plaintiff's Motion in Response to Defendants' Motion for Summary Judgment (D.E. 72) is construed as his response to the summary judgment motion, the Clerk of the Court is **DIRECTED** to remove it as a pending matter in this case.

ORDERED this 10th day of July, 2018.

Jason B. Libby
United States Magistrate Judge